**ENSLEY et al. v. DONNELLY,**
Collector of Revenue.

No. 13538.

United States Court of Appeals.
Fifth Circuit.

June 1, 1951.

John L. Pitts, Alexandria, La., for appellants.

Louise Foster, Sp. Asst. to Atty. Gen., Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, Sp. Asst. to Atty. Gen., Lansing L. Mitchell, Asst. U. S. Atty., New Orleans, La., for appellees.

1. The circumstances under which the note was given are these:

Some years prior to his death, Thaddeus L. Ensley instituted the custom of making an annual donation of $500 in cash to his daughter and a note in the sum of $500 each year to his son, George T. Ensley.

The system followed with respect to these notes was that the first year the

Before HUTCHESON, Chief Judge, and SIBLEY and STRUM, Circuit Judges.

PER CURIAM.

This appeal from the decision of the district judge that it could not be deducted, presents as the sole question whether a note to the extent of $6,000.00,[1] given by a father to his son, may be deducted as a claim against the estate, incurred *bona fide* and for an adequate and full consideration in money or money's worth, within the meaning of Section 812(b)(3) I.R.C., 26 U.S. C.A. § 812(b)(3).

Upon authority of Taft v. Commissioner of Internal Revenue, 304 U.S. 351, 58 S.Ct. 891, 82 L.Ed. 1393, the question must be answered in the negative and the judgment must be affirmed.

Affirmed.

son received a note for $500; the second year he received a note for $1000, and returned to his father the prior note in the amount of $500; the third year he received a note for $1,500 and returned the prior note in the amount of $1,000. This procedure continued each year until at the time of the father's death the current note held by the son was in the amount of $6,000.